UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ATLANTIC SEA PRIDE, INC.,

       Appellant,

   -against-           1:13-CV-0670 (LEK)

WILLIAM M. McCARTHY, as Chapter 7
Trustee of the Bankruptcy Estate of The
Cousins Fish Market, Inc.,

       Appellee.

## MEMORANDUM-DECISION and ORDER

**I. INTRODUCTION**

Appellant Atlantic Sea Pride ("Appellant"), a creditor in the bankruptcy action below, appeals from an October 24, 2012, decision of the Honorable Robert E. Littlefield, Jr., Chief U.S. Bankruptcy Judge, granting summary judgment to Appellee William M. McCarthy ("Appellee"), the trustee below. Appellant contends that judgment was based on falsehoods that it now seeks to correct. For the following reasons, the Court affirms the decision of the Bankruptcy Court.

**II. BACKGROUND**

On October 26, 2011, Appellee commenced an adversary proceeding against Appellant seeking to recover $144,014.04 in pre-petition payments and to disallow Appellant's claim pursuant to 11 U.S.C. § 502(d). Dkt. No. 4 ("Appellee's Brief") at 3. Following a deadline extension, Appellant timely filed its answer on January 4, 2012. Id. Appellee then served interrogatories, requests for production, and requests for admission on May 18, 2012. Id. Appellant provided nothing in response except a batch of invoices that did not correspond with any canceled check copies or other materials in Appellee's possession. Id. at 3-4.

An initial pre-trial conference was completed, after two continuances, on June 1, 2012, at which time the parties discussed discovery. Id. at 4. Appellant's counsel represented his belief that the invoices were all that Appellant would provide, but said he would check for further information. Id. At the next conference, held on July 25, 2012, Appellant requested, and was granted, additional time to respond to Appellee's discovery requests. Id. A third conference was held on August 29, 2012, at which time Appellant again requested an extension of time to provide discovery responses. Id. Appellee stated that if Appellant did not so respond, Appellee would move for summary judgment. Id. At the final conference on September 19, 2012, Appellant's counsel indicated that the invoices were all that Appellant would provide. Id. at 5.

Discovery closed on October 3, 2012, and Appellee moved for summary judgment. Id. Because Appellant did not respond to Appellee's requests for admission or seek a further extension of time to do so, the requests were deemed admitted and conclusively established. See Dkt. No. 1-41 ("February 2013 Order") at 5:18-23 (citing FED. R. CIV. P. 36(a)(3), (b); FED. R. BANKR. P. 7036). On that basis, and because Appellant did not move under Federal Rule of Civil Procedure 36(b) to withdraw or amend the admissions, Chief Judge Littlefield found that there were no genuine issues of material fact and that Appellee was entitled to summary judgment. Id. at 6:4-8. An order to that effect was entered on October 13, 2012, as to the first, fourth, and fifth causes of action in Appellee's complaint. Id. at 6:9-13.

On November 27, 2012, and December 3, 2012, Appellant filed two motions for reconsideration seeking to respond to the requests for admission. See id at 6:13-25 (citing FED. R. CIV. P. 59, 60(b); FED. R. BANKR. P. 9023, 9024). Chief Judge Littlefield noted that the proper way to attempt to withdraw or amend admissions made by default is a motion to that effect under Federal

2

Rule of Civil Procedure 36(b) and held that even if the court treated Appellant's motions for reconsideration as such, it was too late to correct discovery deficiencies because judgment had already been entered. Id. at 7:13-21 (citing United States v. Kasuboski, 834 F.2d 1345, 1350 (7th Cir. 1987)). Appellant does not contest any of the foregoing, but argues that its failure to respond to the requests for admission, due to "a break down in communications between [Appellant] and its attorneys," should not result in judgment being entered "in complete disregard of the truth." See generally Dkt. No. 3 ("Appellant's Brief").

### III. LEGAL STANDARD

On appeal, a district court reviews a bankruptcy court's factual findings for clear error and its legal conclusions *de novo*. County of Clinton v. Warehouse at Van Buren St., Inc., No. 12-CV-1636, 2013 WL 2145656, at *1 (N.D.N.Y. May 15, 2013) (citing R2 Invs., LDC v. Charter Commc'ns, Inc. (In re Charter Commc'ns, Inc.), 691 F.3d 476, 483 (2d Cir. 2012)). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948). Following review, a district court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." FED. R. BANKR. P. 8013.

### IV. DISCUSSION

"Admissions made under Rule 36, even default admissions, can serve as the factual predicate for summary judgment" and may be withdrawn or amended only by a motion made under Rule 36(b). Kasuboski, 834 F.2d at 1350; accord In re Carney, 258 F.3d 415, 419-20 & n.6 (5th Cir. 2001); GTE Directories Corp. v. McCartney, 11 F. App'x 735, 737 (9th Cir. 2001); Karras v.

3

Karras, 16 F.3d 245, 247 (8th Cir. 1994); Anchorage Assocs. v. V.I. Bd. of Tax Review, 922 F.2d 168, 176 n.7 (3d Cir. 1990); Donovan v. Carls Drug Co., 703 F.2d 650, 651-52 (2d Cir. 1983), rejected on other ground by McLaughlin v. Richland Shoe Co., 486 U.S. 128, 134 (1988); In re Antex, Inc., 397 B.R. 168, 171 (B.A.P. 1st Cir. 2008); Sook Kim v. Goldstein, No. 04 Civ. 3755, 2007 WL 1649902, at *2 (S.D.N.Y. June 6, 2007); see also FED. R. CIV. P. 56(c)(1)(A) (providing that admissions can show the absence of a genuine factual dispute). A party making a Rule 36(b) motion must establish that "(1) the presentation of the merits will be aided *and* (2) no prejudice to the party obtaining the admission will result." Donovan, 703 F.2d at 652. No such motion was made here, however, nor will it be implied. See GTE Directories Corp., 11 F. App'x at 737 ("[I]ntroduction of allegedly contradictory evidence cannot serve as an 'implied' motion to withdraw."); see also In re Carney, 258 F.3d at 420; Karras, 16 F.3d at 247; Kasuboski, 834 F.2d at 1350 (citing Donovan, 703 F.2d 650); In re Antex, 397 B.R. at 171; Sook Kim, 2007 WL 1649902, at *2.

Moreover, the granting of such a motion is wholly within a court's discretion. See Fed. R. Civ. P. 36(b) ("A matter admitted under this rule is conclusively established unless the court, on motion, *permits* the admission to be withdrawn or amended. . . . [T]he court *may permit* withdrawal or amendment . . . ." (emphases added)); Kasuboski, 834 F.2d at 1350 n.7 ("[R]ule 36(b) allows withdrawal of admissions if certain conditions are met and the district court, in its discretion, permits the withdrawal."); Donovan, 703 F.2d at 652 ("Because the language of the Rule is permissive, the court is not required to make an exception to Rule 36 even if both the merits and prejudice issues cut in favor of the party seeking exception to the rule."). Here, Appellant, who was represented by counsel, had over four months to respond to the requests for admission, sought and

4

received extensions of time to do so, and was on notice that a motion for summary judgment would be filed premised on its failure to do so. Appellant neither moved for a further extension of time to respond nor moved to withdraw or amend under Rule 36(b).

In light of the foregoing and the fact that judgment has already been rendered, the Court declines to permit Appellant to withdraw or amend its admissions even if Appellant has met both the merits and prejudice prerequisites to the granting of a Rule 36(b) motion.[1] As other courts have stated:

> We recognize the potential harshness of this result. The failure to respond to admissions can effectively deprive a party of the opportunity to contest the merits of a case. This result, however, is necessary to insure the orderly disposition of cases; parties to a lawsuit must comply with the rules of procedure. In addition, the harshness is tempered by the availability of the motion to withdraw admissions, a procedure which [Appellant] did not employ.

Kasuboski, 834 F.2d at 1350, quoted in In re Carney, 258 F.3d at 421, and Sook Kim, 2007 WL 1649902, at *2.

While the loss to a party of his right to contest a matter on its merits is not to be treated

---

[1] This case is unlike In re Runnels, No. 06-50022, 2007 WL 4166126 (Bankr. E.D. Tex. Nov. 20, 2007), discussed in the February 2013 order as "In re Reynolds," and Szatanek v. McDonnell Douglas Corp., 109 F.R.D. 37 (W.D.N.Y. 1985). Judgment has already been granted in this case, whereas admissions were withdrawn in In re Runnels and Szatanek prior to judgment. See In re Runnels, 2007 WL 4166126, at *1 (noting withdrawal of admissions prior to ruling on motion for summary judgment); Szatanek, 109 F.R.D. at 39, 41 (deeming facts not admitted and directing a response rather than granting pending motion for summary judgment). Further, In re Runnels involved a Rule 36(b) motion by debtors, which the court granted despite the debtors' extreme tardiness in responding to discovery requests and filing the motion, observing that "[i]t is a basic principle of bankruptcy that exceptions to discharge must be strictly construed against a creditor and liberally construed in favor of a debtor so that the debtor may be afforded a fresh start." 2007 WL 4166126, at *4 (internal quotation marks omitted). Here, by contrast, Appellant is a creditor and never filed a Rule 36(b) motion. In Szatanek, both parties were dilatory such that the court saw no harm in permitting late responses to requests for admission; here, there is no allegation that Appellee has been less than diligent. See 109 F.R.D. at 41; see also Kasuboski, 834 F.2d at 1350 n.7 (criticizing and distinguishing Szatanek).

lightly, where that loss results from the party's own failure to file an answer to requests for admission and further its failure to utilize the procedure provided in Rule 36 to rectify the deficiency, the loss is a casualty of the court's obligation to process cases to disposition in an orderly, effective, expeditious manner and in accordance with its published rules.

O'Bryant v. Allstate Ins. Co., 107 F.R.D. 45, 48 (D. Conn. 1985).

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Bankruptcy Court's decision is **AFFIRMED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties.

**IT IS SO ORDERED.**

DATED: October 15, 2013
Albany, NY

Lawrence E. Kahn
U.S. District Judge